UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

DANIEL MCCARTHY, *et al.*

        Plaintiffs,

  v.

CITY OF CLEVELAND

        Defendant.

------------------------------------------------------

CASE NO. 1:11-CV-1122

OPINION & ORDER

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Before the Court is a complaint filed by Daniel McCarthy and Colleen Carroll (collectively, the "Plaintiffs.") [Doc. 1-1.] In their second amended complaint, the Plaintiffs seek to represent a class of persons who lease, but do not own their vehicles and were assessed a traffic citation after being photographed by automatic enforcement cameras during the commission of traffic offenses. The Plaintiffs paid the fines for their citations pursuant to Cleveland Codified Ordinance ("C.C.O.") 413.031. At the Case Management Conference, the Court instructed the Parties to file briefs on whether *res judicata* or the *Rooker-Feldman* doctrine defeats Plaintiffs' claims or denies this Court jurisdiction to hear these claims. [Doc 10.] Because the Court determines that the Plaintiffs' claims are precluded by *res judicata*, the Court **DISMISSES** the Plaintiffs' complaint.

**I. Background**

    Plaintiffs McCarthy and Carroll brought this action against the Defendant, the City of

Case No. 1:11-CV-1122
Gwin, J.

Cleveland, after a remand from this Court back to the Cuyahoga County Court of Common Pleas.[1/] In this second amended complaint, the Plaintiffs request a declaratory judgment in their favor, a hearing, the return of the amounts paid to satisfy the fines, and set out the following causes of action: (1) taking of property without just compensation in violation of Article I, § 19 of the Ohio Constitution; (2) violation of Ohio Constitution Art. 1, § 16 right to Substantive Due Process; (3) violation of the Ohio Constitution Art. 1, § 16 right to Procedural Due Process (4) 42 U.S.C. § 1983 claim for denial of the right to Substantive Due Process in violation of the Fourteenth Amendment to the United States Constitution; (5) 42 U.S.C. § 1983 claim for denial of the right to Procedural Due Process in violation of the Fourteenth Amendment. [Doc 1-1.]

In 2009 and 2007, Plaintiffs McCarthy and Carroll respectively received notice that their vehicles had violated traffic control laws after being photographed by an automatic enforcement camera in 2009 and 2007. The City of Cleveland issued the notices pursuant to Cleveland Codified Ordinance 413.031. The notices state, in relevant part, "Failure to pay the fine or otherwise answer within 20 days of the notice date in the manner and within the time required is an admission of liability. This will also result in additional penalties and the loss of your right to a hearing." [Doc 13] Similarly, Cleveland Codified Ordinance 413.031(k) says, "A notice of appeal shall be filed with the Hearing Officer within twenty-one (21) days from the date listed on the ticket." Finally, under Ohio Revised Code § 2506.01, any finding of the Hearing Officer is appealable to the court of common pleas.

Although the Plaintiffs were aware of the appeals procedure available to them, both Plaintiff

---

[1/]The Parties were originally before this court in 1:09-CV-1298, upon removal from state court. The Plaintiffs appealed this Court's ruling in 1:09-CV-1298 to the Sixth Circuit. *See McCarthy v. City of Cleveland*, 626 F.3d 280 (6th Cir. 2010). Subsequently, the case was remanded to state court. The Defendant again removed to this Court.

Case No. 1:11-CV-1122
Gwin, J.

McCarthy and Plaintiff Carroll paid the $100 fine "[r]ather than incurring the burdensome and substantial costs in challenging the alleged violations." [Doc. 13]

Arguing that, as lessees, they are not the 'owners' of their vehicles, the Plaintiffs allege that the City of Cleveland had no lawful authority to demand and collect fines.[2] [Doc 1-1.] The Plaintiffs now seek to attack the fines and process imposed by the City of Cleveland.

## II. Legal Standard

Under 28 U.S.C. § 1738, a federal court must "give state court judgments the same effect as they have in the state in which they were rendered." *Loudermill v. Cleveland Bd. of Educ.*, 721 F.2d 550, 556 (6th Cir.1983), *aff'd*, 470 U.S. 532 (1985). "Federal courts look to the state's law to assess the preclusive effect it would attach to that decision." *Gutierrez v. Lynch,* 826 F.2d 1534, 1537 (6th Cir. 1987) (quotations omitted). Similarly, § 1738 applies to actions brought under 42 U.S.C. §1983. *Allen v. McCurry*, 449 U.S. 90 (1980), Therefore, as to all of Plaintiffs' claims, this Court follows Ohio law on *res judicata*.[3] *See, e.g.*, *City of Canton, Ohio v. Maynard*, 766 F.2d 236 (6th Cir. 1985).

In *Grava v. Parkman Township*, 73 Ohio St.3d 379, 382 (1995), the Ohio Supreme Court

---

[2] The Plaintiffs argue that the original text of C.C.O. 413.031 applies only to vehicle owners, exclusive of lessees because C.C.O 413.031(p)(3) defines a vehicle owner as "the person or entity identified by the Ohio Bureau of Motor Vehicles, or registered with any other State vehicle registration office, as the registered owner of a vehicle." This Court does not reach the merits of the Plaintiffs' argument.

[3] Although the distinction is not at issue here, the doctrine of *res judicata* encompasses both claim preclusion and issue preclusion. As expressed by the Ohio Supreme Court explained this distinction in *Fort Frye Teachers Ass'n, OEA/NEA v. State Emp't Relations Bd.,* 81 Ohio St.3d 392, 395 (1998):

> The claim preclusion concept holds that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. The doctrine of issue preclusion...holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different

-3-

Case No. 1:11-CV-1122
Gwin, J.

held that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Id.* Moreover, if the actions share a common nucleus of operative facts, a plaintiff's second action is barred by *res judicata*, "even though [he] is prepared ... (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action." *Id.* at 383. Indeed, under Ohio law, *res judicata* applies "where an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." *Rogers v. City of Whitehall*, 25 Ohio St.3d 67, 69 (1986); *see Grava*, 73 Ohio St.3d at 229.

Under Ohio law, then, *res judicata* has four elements.(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir.1997).

### III. Analysis

The Defendant argues that the doctrines of collateral estoppel and *res judicata* bar Plaintiffs' claims. [Doc. 3.] This Court finds that the Plaintiffs could have litigated the present claims in a prior action and that *res judicata* stops Plaintiffs' claims.

*1.Prior Valid, Final Judgment on the Merits*

The Plaintiffs argue that because they simply paid their fines, there was no litigation or determination of issues on the merits. [Doc. 13.] Yet under Ohio law, both *res judicata* and

-4-

Case No. 1:11-CV-1122
Gwin, J.

collateral estoppel apply to quasi-judicial proceedings, even where no appeal has been taken. *See Scott v. City of East Cleveland*, 476 N.E.2d 710, 713 (Ohio Ct. App. 1984). Moreover, *res judicata* applies to "actions which have been reviewed before an administrative body, in which there has been no appeal made pursuant to R.C. 2506.01." *Wade v. City of Cleveland*, 456 N.E.2d 829, 831-832 (Ohio Ct. App.1982).

Plaintiffs McCarthy and Carroll were afforded the opportunity to defend themselves against the City's action against them. The Plaintiffs received notice of their violations and the method by which they could contest the assessment. [*See* Doc 13.] Similarly, the relevant statute, Cleveland Codified Ordinance 413.03, explains that citations may be challenged in an appeal before the Parking Violations Bureau.

The Ohio Supreme Court has explained that the civil hearing process provided by C.C.O. 413.031 "involves the exercise of quasi-judicial authority." *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 326 (2006) (citing *State ex re. Wright v. Ohio Bur. of Motor Vehicles*, 87 Ohio St. 3d 184, 186 (1999)). Moreover, if the Plaintiffs had availed themselves of the quasi-judicial procedures of 413.031, they could have also sought review of the Parking Violations Bureau's ruling in the court of common pleas under Ohio Revised Code § 2506.1.

According to the Plaintiffs, they were aware of their rights to appeal the citations, but made the informed choice to not challenge their citations. By their own admission, the Plaintiffs paid the $100 fine to avoid "incurring the burdensome and substantial costs in challenging the alleged violations." [Doc. 13.] Consequently, by waiving their right to a hearing, the Plaintiffs admitted liability for the traffic violations and "simply failed to avail [themselves] of all available grounds for relief in the first proceeding." *Grava*, 73 Ohio St.3d at 383. The Plaintiffs were given a full and fair

Case No. 1:11-CV-1122
Gwin, J.

opportunity to present their claims pursuant to C.C.O. 413.031 and Ohio Revised Code § 2506.01. They chose to not take advantage of this opportunity, and a final judgment of liability was entered against them. The Cleveland Parking Violations Bureau's finding that Plaintiffs McCarthy and Carroll were liable for a traffic violation is an established legal fact, which was not appealed. As to the Plaintiffs' liability for their traffic violation, then, this Court finds that valid, final judgment was entered against them, and the first element of *res judicata* is satisfied.

2. *Second Action Involving the Same Parties*

The second element of *res judicata* is an identity of the parties. In this case, there is no dispute that the parties are the same. The City of Cleveland issued the tickets to Plaintiffs Carroll and McCarthy and levied the fine against them. Had the Plaintiffs taken advantage of the appeals process, the City of Cleveland would have been the adverse party. Because this action involves the same parties, the second element of *res judicata* is satisfied.

3. *Second Action raising claims that were or could have been litigated in the first action*

The Plaintiffs argue that their present causes of action are entirely different and that they could not have obtained damages for constitutional violations in a prior action. [Doc 13.] This Court finds, however, that "it has long been the law of Ohio that 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit.'" *National Amusements, Inc. v. City of Springdale,* 53 Ohio St.3d 60, 62 (1990) (quoting *Rogers v. Whitehall*, 25 Ohio St.3d 67, 69 (1986)).

The Plaintiffs' complaint requests a declaratory judgment in their favor, a hearing, the return of the amounts paid to satisfy the fines, and five causes of action: (1) taking of property without just

Case No. 1:11-CV-1122
Gwin, J.

compensation in violation of Article I, § 19 of the Ohio Constitution; (2) violation of Ohio Constitution Art. 1, § 16 right to Substantive Due Process; (3) violation of the Ohio Constitution Art. 1, § 16 right to Procedural Due Process; (4) 42 U.S.C. § 1983 claim for denial of the right to Substantive Due Process in violation of the Fourteenth Amendment to the United States Constitution; (5) 42 U.S.C. § 1983 claim for denial of the right to Procedural Due Process in violation of the Fourteenth Amendment. [Doc 1-1.] Plaintiffs McCarthy and Carroll did not raise their claims in prior litigation because they chose to not litigate their liability for violations of C.C.O 413.31.

In addition to jurisdiction over Ohio state law issues, the state courts of common pleas have subject matter jurisdiction over § 1983 claims. *See, e.g.*, Besser v. Dexter, 589 N.E.2d 77 (Ohio Ct. App. 1990). As such, Plaintiffs McCarthy and Carroll could have litigated their present claims as defenses to their liability in an appeal to the court of common pleas, pursuant to Ohio Revised Code § 2506.1. That they chose to not present these defenses to the City of Cleveland's judgment against them does not change the preclusive effect of the prior judgment. In Ohio, "[t]he doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." National Amusements, 53 Ohio St.3d at 62 (citations omitted). In this case, the Plaintiffs could have presented these claims in the appeals process that was expressly provided to them. Therefore, this action raises claims that could and should have been litigated in a prior action, and the third element of *res judicata* is satisfied.

*4. Second Action Arising out of the Transaction or Occurrence that was the Subject matter of the Previous Action.*

The final element of the doctrine of *res judicata* is that the second action is barred where it arises out of the same transaction or occurrence as that of the previous action. *See Grava*, 73 Ohio

-7-

Case No. 1:11-CV-1122
Gwin, J.

St.3d 379. Therefore, an action is barred where it arises from a "common nucleus of operative facts." Id. at 382. Citing the Restatement of Judgments, the Ohio Supreme Court explained that *res judicata* "'extinguish[es] a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action.'" Id. at 383. The *Grava* court found that "refusing to allow [the Plaintiff] to use an alternate legal theory overlooked in the previous proceedings does not work an injustice," where that plaintiff had failed to appeal a prior adverse ruling by a zoning board. Id.

Each and every one of the Plaintiffs' claims arise from the traffic citations and fine. Plaintiffs McCarthy and Carroll declined to defend themselves against the claim rendered by the Cleveland Parking Violations Bureau. Although they now raise Constitutional and other claims against the City of Cleveland, the Plaintiffs' complaints are defenses to the original judgment of liability for their traffic violations. These claims fall within the same 'common nucleus of operative facts' as the prior judgment, despite the Plaintiffs' new theories of defense and new remedies sought. Again, the Plaintiffs were fully aware of the appeals procedure available to them under C.C.O. 413.031 and Ohio Revised Code § 2506.01, and they declined to take advantage of that procedure. Because the Plaintiffs' entire complaint arises from their prior traffic citations and failure to invoke their right to a hearing, they arise out of the same transaction or occurrence and the final element of *res judicata* is satisfied.

Under Ohio law, this case satisfies all four requirements for *res judicata*: 1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been

Case No. 1:11-CV-1122
Gwin, J.

litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. Therefore, Plaintiffs' complaint is barred by *res judicata* and not properly before this Court.

### IV. Conclusion

For the foregoing reasons, the Court **DISMISSES** the Plaintiffs' complaint.

IT IS SO ORDERED.


Dated: September 20, 2011               s/    *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE